# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SACOREY LENNEL CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-297-SMY |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, | ) | |
| CITY OF GREENVILLE, IL, | ) | |
| JOHN DOE #1, JOHN DOE #2, JOHN | ) | |
| DOE #3, JOHN DOE #4, JOHN DOE #5, | ) | |
| JOHN DOE #6, JOHN DOE #7, JOHN | ) | |
| DOE #8, JOHN DOE #9, JOHN DOE #10, | ) | |
| JOHN DOE #11, JOHN DOE #12, and | ) | |
| JOHN DOE #13, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Sacorey Lennel Clark, an inmate of the United States Bureau of Prisons ("BOP"), currently incarcerated at Federal Correctional Institute in Greenville, IL ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (he also labels his Petition as one under The Mandamus Act, 28 U.S.C. § 1361). In the Petition, Clark complains about a number of issues with the BOP including: the confiscation of his pre-paid postage to outside individuals; being improperly identified as a sovereign citizen; being subjected to a strip search in front of other inmates; the confiscation his personal property and legal materials; failing to provide him with information regarding unknown insurance, surety, and bonding providers; and ongoing retaliation by prison officials. Clark seeks relief in the form of an injunction requiring that he be discharged

1

from segregation, that he not be investigated or placed back in segregation, the allowance of his incoming and outgoing legal and personal mail, a notary of legal documents, and the provision of information regarding insurance, indemnity, and bonding. He also seeks several documents including his original birth certificate and social security numbers. (*Id*., p. 14).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

## **The Petition**

Clark's Petition is confusing to say the least. It contains seemingly unrelated allegations regarding alleged wrongs he has been subjected to during his time at the BOP. He alleges that he was disciplined on a false basis in November of 2018, was sent to disciplinary segregation for 10 days, and had his materials seized in an attempt to label him a sovereign citizen. (Doc. 1, p. 6). He alleges he was also sent to segregation and threatened with deprivation of materials in February 2019. (*Id*., pp. 4-5). He claims he was strip searched in unrelated events in July, August, September, and October 2018. (*Id*., p. 6). Clark references the Freedom of Information Act, the Privacy Act, and the Administrative Procedure Act throughout the Petition.

## **Discussion**

Clark is currently serving a term of 180 months imprisonment for a felon in possession of a firearm conviction. *United States v. Clark*, Case No. 16-cr-107-JAR, Doc. 222 ("Criminal Case"). He first filed a § 2241 Petition in the Eastern District of Missouri on April 5, 2018. *Clark*

*v. United States*, Case No. 18-cv-524-JCH (E.D. Mo. 2018) ("First 2241 Petition"). The district judge dismissed that Petition, finding it had no basis in law and fact and was based on typical "sovereign citizen" arguments. (First 2241 Petition, Doc. 4, pp. 2-3). Clark appealed the decision, which was affirmed by the Eighth Circuit Court of Appeals.

**Section 2241**

A petition for a writ of habeas corpus is the proper vehicle "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999).

Although Clark brings this action under 28 U.S.C. § 2241, the relief he actually seeks is a change to his conditions of confinement – access to his mail, the ability to obtain certain legal documents, as well as his birth certificate, social security number, access to computers and printers, and insurance, indemnity, and bonding information from the Respondents. He also alleges that he was subjected to an improper strip search. These claims cannot be addressed in a habeas action.[1]

---

[1] To the extent that Clark is seeking to challenge the results of the disciplinary proceeding because it was based upon a false report, his claim cannot proceed. *See McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) (explaining that the Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent.").

Clark's claims are properly characterized as civil rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). While courts have in the past construed a mistakenly labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.3d at 381-82, the Seventh Circuit Court of Appeals has made it clear that district courts should not resort to this practice. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). This is particularly true where conversion of the case may lead to unfavorable consequences for the petitioner under the Prison Litigation Reform Act. *See Bunn*, 309 F.3d at 1007. Here, such consequences could include those associated with possible exhaustion defenses, the failure to name the correct defendants, the potential for a "strike" under 28 U.S.C. § 1915(g), and Clark's ability to pay the proper filing fee for that action (presently $400.00) as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). As such, the Court will not re-characterize the instant habeas petition as a Complaint brought pursuant to *Bivens*, and it offers no opinion regarding the merits of Clark's *Bivens* claims.

**Writ of Mandamus**

Clark asserts that his Petition as being filed under the Mandamus Act. However, he has not paid the proper filing fee for a mandamus petition (presently $400.00), nor does he meet the requirements for such a writ to issue. 28 U.S.C. § 1361 establishes jurisdiction for a federal district court to compel a federal official or agency "to perform a duty owed to the plaintiff." "The Supreme Court has emphasized that '[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984).

Three elements must be met for a writ of mandamus to issue: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen,* 830 F.2d 731, 739 (7th Cir. 1987). Although Clark indicates throughout his Petition that he is owed a duty by the respondents, he fails to point to any plainly defined and peremptory duty. He also fails to demonstrate a clear right to the relief sought. He primarily takes issue with the treatment of his mail and access to other documents, but restrictions on that right are permissible if they are reasonably related to a legitimate penological objective. *Turner v. Safley,* 482 U.S. 78, 89 (1987).

Moreover, Clark has other adequate remedies to obtain the relief he seeks. Despite his unsupported assertion that BOP's administrative remedy program cannot provide him with effective relief, that avenue of relief is available to him. Thus, Clark fails to meet the threshold requirements for the issuance of a writ of mandamus.

## Disposition

For the foregoing reasons, the habeas petition is **DISMISSED with prejudice**. To the extent Petitioner also seeks a writ of mandamus, that request is **DISMISSED without prejudice**.

If Petitioner wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in FED. R. APP. P. 4(a)(1)(A). If Petitioner chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule

59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 1, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**